# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephanie Stephens,<br><br>                Plaintiff,<br><br>v.<br><br>Greystar Real Estate Partners, LLC,<br><br>                Defendant. | Case No. . 3:25-av-99999<br>Underlying Case No: 2:24-cv-01576-SMM in the District of Arizona<br><br>**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND FOR FEES AGAINST GREYSTAR REAL ESTATE PARTNERS, LLC** |

Plaintiff Stephanie Stephens ("Plaintiff"), by counsel, respectfully submits this Motion to Compel Compliance with Subpoena and for Fees Against Greystar Real Estate Partners, LLC ("Greystar").

In support of this Motion, Plaintiff states the following:

1. On June 27, 2024, Plaintiff filed a lawsuit against Defendants Experian Information Solutions, Inc., Trans Union, LLC, and Columbia Debt Recovery, LLC ("Columbia"), in the District of Arizona, Case No. 2:24-cv-01576-SMM (the "Underlying Case").

2. On February 21, 2025, Plaintiff duly served a subpoena on third-party Greystar Real Estate Partners, LLC c/o CT Corporation System ("Greystar") commanding its appearance at a deposition and requesting the production of certain documents and information relevant to the ongoing litigation. A copy of the served subpoena is attached hereto. Exhibit A, Subpoena to Greystar.

3. The subpoena was properly served upon Greystar on February 21, 2025. A copy of the proof of service is attached hereto. Exhibit B, Affidavit of Service, Greystar.

1

4. Under the Local Rules, "[a]ny motion to compel discovery shall set forth the grounds for the motion, including a statement explaining why the discovery should be had within the context of the action (where the motion challenges objections) or the relevant dates of service and facts demonstrating noncompliance or supporting a challenge to the sufficiency of the response. Legal authorities need not be included in the statement unless unusual legal issues are present or a privilege has been asserted. Relevant portions of the discovery material shall be filed with the motion." *See* Local Civ. Rules 7.04 (D.S.C.) (citing Local Civ. Rules 5.01, 37 (D.S.C.).

5. The discovery sought by Plaintiff is relevant to claims and defenses of the parties in the Underlying Case. Specifically, Plaintiff filed suit against Columbia alleging violations of the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff has alleged that Columbia violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's credit reporting dispute. During discovery, Plaintiff learned that when Plaintiff submitted her credit reporting dispute, Columbia referred her dispute to Greystar, who had previously managed the property that had referred the collection account to Columbia. Plaintiff has been advised by Columbia that Greystar communicated to Columbia that it did not have information about the account. The information is directly relevant to Plaintiff's claims against Columbia – and Columbia's defenses thereto – because the communications and actions of Greystar are relevant to the investigation performed by Columbia.

6. As of the date of this Motion, Greystar has failed to comply with the subpoena.

7. The deadline for production of documents, as stated in the subpoena, was March 7, 2025, and no documents or communications have been received from Greystar.

8. The deposition, as stated in the subpoena, was noticed for March 20, 2025, however Greystar did not attend the deposition and Plaintiff was forced to incur fees and costs for the scheduled court reporter. *See* Exhibit C, Affidavit of Non-Appearance.

9. Plaintiff's counsel has been unable to contact Greystar to resolve this matter without court intervention. Plaintiff has no contact information for Greystar other than the information for its registered agent, upon which her subpoena was already served.

10. Under Fed. R. Civ. P. 45, a court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

11. For the foregoing reasons, and because of Greystar's complete failure to respond to Plaintiff's duly served subpoena commanding appearance at a deposition and requesting production of documents, Plaintiff respectfully requests an Order compelling Greystar to comply with the subpoena.

12. Per Rule 45(e) of the Federal Rules of Civil Procedure, "The court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(e).

13. Additionally, federal courts have inherent power to impose sanctions for abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

14. "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." <u>In re Corey</u>, 664 B.R. 238, 242 (Bankr. D.S.C. 2024). "[T]he district court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1)." *Sherrill v. Dio Transp., Inc.*, 317 F.R.D. 609, 613 (D.S.C. 2016).

15.     For the foregoing reasons, Plaintiff respectfully further requests that this Court impose appropriate fees and costs for the deposition on Greystar for its failure to comply with the subpoena, including but not limited to the following:

**Fees/Costs**: Plaintiff requests fees in the total amount of $1,748.50 to cover the following reasonable attorneys' fees and expenses incurred as a direct result of Greystar's non-compliance:

- Attorney's fees for 1.5 hours of work at an hourly rate of $550 per hour, totaling $825 for attorney James Ristvedt.

- Attorney's fees for 1.5 hours of work at an hourly rate of $375 per hour, totaling $562.50 for attorney Mehak Rizvi.

- Paralegal fees for 1.1 hours of work at an hourly rate of $160 per hour, totaling $176.

- Griffin International, Deposition costs of $185.00. Exhibit D, Affidavit of Non-Appearance Invoice.

**Compelling Responses**: Plaintiff requests that the Court compel Greystar to produce the documents and information specified in the subpoena within 7 days of the Court's order and to appear for a deposition within 14 days of the Court's order.

16.     The attorneys' fees calculation begins with the determination of a "lodestar" amount, which is the product of multiplying a reasonable number of hours by a reasonable rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("…[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *see also*, *Robinson v. Equifax Information*, 560 F.3d 235, 243 (4th Cir. 2009) ("In calculating an award of attorney's fees, a court must first

determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.") (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). *See also McClaran v. Carolina Ale House Operating Co., LLC*, No. 3:14-cv-03884-MBS, 2015 U.S. Dist. LEXIS 112985, at *12 (D.S.C. Aug. 26, 2015) (stating "[t]o apply the lodestar method, the Court determines the fee award by multiplying the number of hours reasonably worked by a reasonable billing rate.").

17. What constitutes a reasonable number of hours and reasonable hourly rate is at the discretion of the trial court. What constitutes a reasonable number of hours and reasonable hourly rate is at the discretion of the trial court, but must be "guided" by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

18. "Once the district court correctly calculate[s] the lodestar figure, there attache[s] a 'strong presumption' that the figure [is] reasonable." *Best Medical International, Inc. v. Eckert & Ziegler Nuclitec GMBH*, 565 F. App'x 232, 13 (4th Cir. 2014) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010)). The rates requested by Plaintiff are supported by the Fee Survey (Exhibit

E, "Fee Survey"), the Declaration of James Ristvedt in support (Exhibit F, "Ristvedt Decl."), the Declaration of Mehak Rizvi (Exhibit G, "Rizvi Decl.").

19. [I]n calculating awards under fee shifting statutes, paralegal time […] should be compensated at market rates, not at the cost to the particular attorneys employing them." *U.S. v. Boeing Co., Inc.*, 747 F. Supp. 319, 323 (E.D. Va. 1990) (citing *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 2469-72, 105 L.Ed.2d 229 (1989)). The "market rate" for paralegal work is not dependent upon the background of the paralegal who did the work, but upon the local market wherein the paralegal work was accomplished. Plaintiff's requested hourly rate is supported by the local market rates set forth in the Fee Survey, an independent publication which gathers and organizes the market rates charged by both attorneys and legal staff in all 50 states. In the Fee Survey, the average paralegal rate in Phoenix during the relevant time period was $126/hour. *See* Fee Survey, at 212. Using the CPI Inflation Calculator published by the U.S. Bureau of Labor Statistics, Plaintiff calculated the paralegal rate for February 2025 – the latest month with available inflation data – at $161.47/hour. Plaintiff rounded down and requests the resulting $160/hour.

20. Plaintiff's respectfully requests that this Court issue an order compelling Greystar to produce the documents and information specified in the subpoena within 7 days of the Court's order, order Greystar to produce a witness for a deposition within 14 days of the Court's order, and granting Plaintiff leave to file a motion for attorney's fees.

21. For the foregoing reasons, Plaintiff respectfully requests that its Motion to Compel be granted, that this Court issue an Order compelling (i) Greystar to produce the requested documents to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action no later than 7 days after the Court's order, (ii) to appear for a deposition 14 days after the Court's order, (iii) granting Plaintiff leave to file for her attorneys'

fees and costs as detailed herein; and (iv) for such other and further relief to which Plaintiff may show itself justly entitled.

**RESPECTFULLY SUBMITTED** this 3rd day of June 2025,

*/s/ Dawn McCraw*
Dawn McCraw (SCB #105059)
**Consumer Justice Law Firm, PLC**
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
F: (408) 613-7733
E: dmccraw@consumerjustice.com

*Attorneys for Plaintiff*
*Stephanie Stephens*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system. Hard copies of the foregoing will be served to Greystar Real Estate Partners, LLC.

*/s/ Dawn McCraw*